Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KZ ENTERTAINMENT LLC, | |
| Plaintiff, | Civil Action No. 24-0812 (ES) (CLW) |
| v. | OPINION |
| SULEKHA USA LLC, *et al.*, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant Sulekha USA LLC's ("Defendant") motion to dismiss (D.E. No. 5 ("Motion")) Counts II and III of plaintiff KZ Entertainment LLC's ("Plaintiff") Complaint (D.E. No. 1 ("Complaint" or "Compl.")). Plaintiff filed an opposition (D.E. Nos. 7 & 10 ("Opp. Br.")[1]), and Defendant filed a reply (D.E. No. 11 ("Reply Br.")). Having considered the parties' submissions, the Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendant's Motion is **GRANTED**.

**I.     BACKGROUND**

   **A.     Factual Background[2]**

Plaintiff is a company with its principal place of business in Edison, New Jersey. (Compl. ¶ 3). Defendant is a company with its principal place of business in Austin, Texas. (*Id.* ¶ 4). "At

---

[1] Docket Entry Number 7 is Plaintiff's opposition brief filed on May 20, 2024, which did not contain a proper electronic signature; Docket Entry Number 10 is Plaintiff's opposition brief refiled on May 28, 2024, with the proper electronic signature. Other than the signature, these two documents appear identical. (*Compare* D.E. No. 7, *with* D.E. No. 10). For ease of reference, the Court will refer to D.E. No. 10 when citing to "Opp. Br." herein.

[2] The factual background is taken from the allegations in the Complaint. For purposes of the instant Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

1

all times relevant to this action, Plaintiff sold tickets to certain events through Defendant's Event Management [P]latform." (*Id.* ¶ 5). Specifically, Plaintiff alleges it sold more than 6,000 tickets through Defendant's Event Management Platform as follows: (i) Plaintiff sold 767 tickets to the "October 4, 2023 and October 5, 2023 Atul Purohit Garba–New Jersey event"; (ii) 3,198 tickets to the "October 6, 2023 Vibrant Navratri–Jigardan Gadhavi event and the October 7, 2023 Vibrant Navratri–Bhoomi Trivedi event"; and (iii) 2,238 tickets to the "October 13, 2023 and October 14, 2023 Vibrant Navratri–Rex D'Souza events." (*Id.* ¶¶ 6, 8, 10). Plaintiff asserts its commission for the sale of these tickets totaled $24,300 for the 767 tickets sold, $67,343 for the 3,198 tickets sold, and $56,224 for the 2,238 tickets sold, respectively. (*Id.* ¶¶ 7, 9, 11). Plaintiff contends that after giving Defendant "the benefit of all credits to date," it is still owed a sum of $147,867.13. (*Id.* ¶ 12). Plaintiff made a written demand to Defendant for this amount, but as of the date the Complaint was filed, Defendant had not yet paid Plaintiff the sum allegedly owed. (*Id.* ¶¶ 13–14).

**B.     Procedural History**

On February 12, 2024, Plaintiff initiated this action by filing the Complaint against Defendant and fictitious defendants "John/Jane Does 1-10" and "ABC Corps. 1-10," asserting three causes of action: (i) Breach of Contract (Count I); (ii) Unjust Enrichment (Count II); and (iii) Violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2 *et seq*. (Count III). (*See generally* Compl.). On May 10, 2024, Defendant filed a motion to dismiss Counts II and III of Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion; D.E. No. 5-1 ("Mov. Br.")). The Motion is fully briefed. (*See* Mov. Br.; Opp. Br.; Reply Br.).

**II.     LEGAL STANDARD**

In assessing whether a complaint states a cause of action sufficient to survive dismissal

2

under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). However, the Court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id*. at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While the Court generally "may not consider matters extraneous to the pleadings" when deciding a Rule 12(b)(6) motion, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), an exception to this general rule provides that the Court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (noting that, pursuant to Rule 12(b)(6), the Court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case'" (alteration in original) (first citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); and then quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004))). Thus, "a court may consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document.'" *Fuller v. Rozlin Fin. Grp., Inc.*, No. 19-20608, 2020 WL 5036215, at *2 (D.N.J. Aug. 26, 2020) (quoting *Clemons v. Midland Credit Mgmt., Inc.*, No. 18-16883, 2019 WL 3336421, at *2 (D.N.J. July 25, 2019)).

## III. DISCUSSION

Defendant moves to dismiss Count II (unjust enrichment) and Count III (violation of the NJCFA) of the Complaint, pursuant to Rule 12(b)(6). (*See* Motion; Mov. Br.; Reply Br.). Accordingly, the Court addresses the sufficiency of Plaintiff's allegations as to each of these two counts in turn.[3]

### A. Alleged Unjust Enrichment (Count II of the Complaint)

Defendant argues Plaintiff's claim for unjust enrichment in Count II of the Complaint should be dismissed because it is duplicative of Plaintiff's breach of contract claim in Count I of the Complaint. (Mov. Br. at 2–3). Specifically, Defendant argues that Plaintiff alleges the existence of an enforceable contract in Count I of the Complaint and "alleges the equal amount of damages" in Count II of the Complaint. (*Id.* at 3). Defendant asserts it "does not dispute that it had a contractual relationship with Plaintiff for the sale of tickets to the events described in the Complaint." (*Id.* (citing D.E. No. 5-4 (Decl. of A. Mohan))). However, Defendant states that under New Jersey law, an unjust enrichment claim "is subject to dismissal under [Rule] 12(b)(6) for being duplicative of a claim for breach of contract when the governing agreement is undisputed." (*Id.* at 2). Thus, Defendant submits that Plaintiff's unjust enrichment claim should be dismissed. (*Id.* at 3).

In opposition, Plaintiff argues its unjust enrichment claim should not be dismissed as duplicative of its breach of contract claim "because the governing agreement is disputed." (Opp.

---

[3] However, the Court does not address the sufficiency of Plaintiff's allegations as to Count I of the Complaint (i.e., breach of contract) as that count is not part of the instant Motion.

4

Br. at 4–6). Plaintiff contends that while Defendant concedes it had a contractual relationship with Plaintiff for the ticket sales alleged in the Complaint, Defendant does not concede it agrees with Plaintiff regarding the number of tickets sold and the amount owed to Plaintiff. (*Id.* at 5). Plaintiff further states that the contract between it and Defendant is not a traditional contract because it is not in writing.[4] (*Id.*). Accordingly, Plaintiff submits that its unjust enrichment claim should not be dismissed. (*Id.* at 6). In reply, Defendant contends Plaintiff's argument in opposition is without merit because "[u]nder this district's law," a defendant can assert a contractual relationship existed between it and the plaintiff, while also defending against the exact amount the plaintiff seeks to recover. (Reply Br. at 3). Defendant also notes Plaintiff's opposition does not cite to any supporting case law. (*Id.*).

Under New Jersey law, to state a claim for unjust enrichment, a plaintiff must allege "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-0846, 2011 WL 2976839, at *26 (D.N.J. July 21, 2011) (quoting *Iliadis v. Wal–Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007)). Unjust enrichment also "requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Co.*, 641 A.2d 519, 526 (N.J. 1994). Additionally, an unjust enrichment claim "requires a 'direct relationship' between the parties or a mistake on the part of the party conferring the benefit." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-4209, 2015 WL 1119475, at *14 (D.N.J. Mar.

---

[4] This fact was not alleged in the Complaint (*see generally* Compl.), and "[a] party cannot amend a complaint by the brief in opposition to a motion to dismiss." *Pierre-Charles v. Consumer Portfolio Servs., Inc.*, No. 17-10025, 2018 WL 3425737, at *6 (D.N.J. July 16, 2018) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Further, the Complaint also does not allege any facts regarding between whom this presumed oral contract was made or when.

5

11, 2015) (quoting *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966)).

"Unjust enrichment is not an independent theory of liability"; rather, it "is the basis for a claim of quasi-contractual liability." *Hatteras Press, Inc. v. Avanti Comput. Sys. Ltd.*, No. 16-5420, 2017 WL 2838349, at *5 (D.N.J. June 30, 2017) (quoting *Nat'l Amusements, Inc. v. N.J. Turnpike Auth.*, A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992), *aff'd*, 645 A.2d 1194 (N.J. Super. Ct. App. Div. 1994)). Thus, "under New Jersey law, liability based on quasi-contractual principles cannot be imposed 'if an express contract exists concerning the identical matter.'" *Freightmaster USA, LLC v. Fedex, Inc.*, No. 14-3229, 2015 WL 1472665, at *6 (D.N.J. Mar. 31, 2015) (quoting *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226–27 (3d Cir. 1983)). Accordingly, "[r]ecovery for unjust enrichment cannot exist when there is an enforceable agreement among parties." *Gujja v. Inpatient Servs. of N.J., P.C.*, No. 21-19416, 2022 WL 2834998, at *2 (D.N.J. July 20, 2022) (citing *Hatteras Press, Inc.*, 2017 WL 2838349, at *5); *see also MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 733–34 (D.N.J. 2008) ("'Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability.' A quasi-contract claim cannot exist when there is an enforceable agreement between parties." (citations omitted)); *Beaman v. Bank of Am., N.A.*, No. 21-20561, 2024 WL 3219224, at *30 (D.N.J. June 28, 2024) (stating "'the equitable remedy of unjust enrichment is not available when there is a valid contract' between the parties" and concluding "[p]laintiffs cannot rely upon alleged breaches of contract to sustain an unjust enrichment claim" (citing cases)); *Hatteras Press, Inc.*, 2017 WL 2838349, at *5 ("'[Q]uasi-contract claim such as unjust enrichment cannot exist when there is an enforceable agreement between parties.' Accordingly, we have repeatedly held that quasi-contract theories are unavailable when a valid contract exists."

(alteration in original) (citations omitted)).

Thus, although a plaintiff may plead claims in the alternative under Federal Rule of Civil Procedure 8(d), absent a claim that the contract is invalid or that the plaintiff performed work beyond that covered by the contract at issue, the Court "cannot sustain claims founded on quasi-contractual theories" like unjust enrichment. *Freightmaster USA, LLC*, 2015 WL 1472665, at *6. *See, e.g.*, *Hillsborough Rare Coins, LLC v. ADT LLC*, No. 16-0916, 2017 WL 1731695, at *7 (D.N.J. May 2, 2017) (granting motion to dismiss quasi-contract claims with prejudice where there was a valid contract between the parties, and stating "New Jersey law prohibits a party from recovering on these quasi-contract theories when a valid contract exists"); *Smith v. CitiMortgage, Inc.*, No. 15-7629, 2016 WL 8673066, at *6 (D.N.J. Aug. 5, 2016) (dismissing with prejudice plaintiffs' quasi-contractual claims for unjust enrichment and promissory estoppel, noting that plaintiffs "have not pled any facts or made any argument that their original mortgage is not a valid and enforceable contract," and "[o]ther than the bare statement about pleading in the alternative, [p]laintiffs have not put forth a non-contractual alternative theory of the case" and their "amended claims thus continue to be based on the same facts and theory as their contract claim").

Here, the Court finds Plaintiff's unjust enrichment claim is duplicative of its contract claim because it is based on the same facts and theory as its breach of contract claim, and Plaintiff has not alleged that Defendant was unjustly enriched in any manner independent of its alleged breach of contract. For example, Plaintiff failed to allege any facts in the Complaint indicating (i) that the agreement between it and Defendant is invalid or unenforceable, (ii) that a separate implied contract between it and Defendant exists, (iii) that Plaintiff performed work beyond the alleged agreement, or (iv) that Defendant was enriched beyond its contractual rights. Thus, Plaintiff does not provide any independent factual allegations supporting an unjust enrichment claim separate

and apart from its breach of contract claim,[5] and accordingly that claim must be dismissed. *See Freightmaster USA, LLC*, 2015 WL 1472665, at *6 (granting motion to dismiss quasi-contractual claims of unjust enrichment and promissory estoppel where neither party disputed the validity of the agreement at issue, reasoning that "absent a claim that the [a]greement is invalid or that it performed work beyond that covered by the [a]greement, [the plaintiff] cannot sustain claims founded on quasi-contractual theories"); *Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *8 (D.N.J. July 22, 2011) (granting motion to dismiss unjust enrichment claim "[b]ecause the unjust enrichment claim in the [c]omplaint [was] based on the alleged [a]greements" between the parties); *see also SDC Info. Servs., Inc. v. Intelligroup, Inc.*, No. 11-5874, 2012 WL 2119156, at *2 (D.N.J. June 11, 2012) (dismissing unjust enrichment claim and explaining that the plaintiff "failed to make factual allegations that would state a claim for unjust enrichment" where "the [c]omplaint [did] not even recite the elements of [the unjust enrichment claim]" but rather "refer[red] only to the parties' contractual relationship and to the [d]efendant's duties arising therefrom"). To the extent Plaintiff intended to plead its unjust enrichment claim as an alternative theory of liability separate and apart from its breach of contract claim, the Court cannot decipher this from the existing sparse factual allegations in the Complaint.

Thus, based on the facts currently alleged in the Complaint, which are assumed as true and viewed in a light most favorable to Plaintiff, the Court finds that Plaintiff's unjust enrichment claim is duplicative of Plaintiff's breach of contract claim and accordingly must be dismissed under New Jersey law. *See Hillsborough Rare Coins, LLC*, 2017 WL 1731695, at *7; *Freightmaster USA, LLC*, 2015 WL 1472665, at *6. Therefore, Plaintiff's unjust enrichment claim

---

[5]   While Plaintiff argues in its opposition brief that the agreement between it and Defendant is "disputed," Plaintiff does not allege any facts in the Complaint showing how the agreement may be or is, in fact, disputed. (*See* Compl.). Further, as noted above, "[a] party cannot amend a complaint by the brief in opposition to a motion to dismiss." *Pierre-Charles*, 2018 WL 3425737, at *6 (citing *Pa. ex rel. Zimmerman*, 836 F.2d at 181).

8

in Count II of the Complaint is **DISMISSED** *without prejudice*.[6]

### B. Alleged Violation of the NJCFA (Count III of the Complaint)

Defendant argues Plaintiff's alleged violation of the NJCFA in Count III of the Complaint should also be dismissed because Plaintiff (i) fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) that applies to NJCFA claims, and (ii) merely repackages its breach of contract claim within its claim for an alleged violation of the NJCFA. (Mov. Br. at 3–5). Specifically, Defendant contends Plaintiff fails to plead "the what, where, and when" of any alleged misrepresentations made by Defendant and otherwise fails to plead any allegations with the required particularity under Rule 9(b). (*Id.* at 5). Thus, Defendant asserts Plaintiff's claim for an alleged violation of the NJCFA should be dismissed. (*Id.*).

In opposition, Plaintiff argues its claim for an alleged violation of the NJCFA should not be dismissed because it meets the heightened pleading standard under Rule 9(b). (Opp. Br. at 6–8). Specifically, Plaintiff states it alleges that Defendant agreed to pay Plaintiff commissions for its ticket sales for certain events but has failed to pay Plaintiff to date. (*Id.* at 7). Plaintiff also contends that "Defendant's online Event Management Platform is full of representations that turned out to be false" and that "Defendant induced Plaintiff through its misrepresentations to sell tickets to certain events that Defendant never intended to compensate Plaintiff for[.]" (*Id.*). Accordingly, Plaintiff contends its NJCFA claim should not be dismissed, but that if the Court disagrees, it should be afforded an opportunity to file an amended complaint "to include the 'where and when' of the misrepresentations[.]" (*Id.* at 7–8). In reply, Defendant reiterates the arguments

---

[6] The Court exercises its discretion to dismiss Plaintiff's unjust enrichment claim *without prejudice* at this time. But to the extent Plaintiff chooses to amend its Complaint and again allege both unjust enrichment and breach of contract claims, Plaintiff must sufficiently allege facts showing its unjust enrichment claim is not duplicative of its breach of contract claim to avoid a future dismissal *with prejudice*.

it made in its moving brief, asserts Plaintiff's argument in opposition has no merit, and notes Plaintiff's opposition brief does not cite to any supporting case law. (Reply Br. at 5–6).

Rule 9(b)'s heightened pleading requirement concerning allegations of fraud applies to NJCFA claims. *Frederico v. Home Depot*, 507 F.3d 188, 202–03 (3d Cir. 2007) (reviewing dismissal of NJCFA claim under Rule 9(b)); *accord Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012). Thus, "[t]o bring a claim under the NJCFA a plaintiff must also comply with the heightened pleading standard in Federal Rule of Civil Procedure 9(b)." *M & M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 169 (D.N.J. 2023) (citing *Frederico*, 507 F.3d at 200). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he law does not require specificity just for specificity's sake"; rather, "[t]he level of particularity required is sufficient details to put [d]efendants on notice of the 'precise misconduct with which they are charged.'" *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 104 (D.N.J. 2011) (quoting *Franulovic v. Coca Cola Co.*, No. 07-0539, 2007 WL 3166953, at *11 (D.N.J. Oct. 25, 2007)). In other words, to satisfy Rule 9(b)'s specificity requirement, "the pleadings must state what the misrepresentation was, what was purchased, when the conduct complained of occurred, by whom the misrepresentation was made, and how the conduct led plaintiff to sustain an ascertainable loss." *Smajlaj*, 782 F. Supp. 2d at 104 (quoting *Zebersky v. Bed Bath & Beyond, Inc.*, No. 06-1735, 2006 WL 3454993, at *4 (D.N.J. Nov. 29, 2006)). The Third Circuit has advised that, "at a minimum," a plaintiff must support allegations of fraud "with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d

Cir. 2002) (internal quotation marks omitted); *see also United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016).

Thus, to state a *prima facie* case under the NJCFA, a plaintiff must allege—with the specificity required by Rule 9(b)—"(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010). The NJCFA defines unlawful conduct, i.e., an "unlawful practice," as:

> [t]he act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid[.]

N.J. Stat. Ann. § 56:8-2. "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." *Frederico*, 507 F.3d at 202 (quoting *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994)). The "prime ingredient" underlying all types of unlawful practices is the capacity to mislead, but "differences exist among allegations of affirmative acts and omissions." *Glass v. BMW of N. Am., LLC*, No. 10-5259, 2011 WL 6887721, at *4–5 (D.N.J. Dec. 29, 2011). "[A]s to affirmative misrepresentations, a plaintiff asserting a NJCFA claim must plead at minimum 'the what, where, and when of [d]efendant's alleged misrepresentations." *M & M Trucking Gudullu*, 653 F. Supp. 3d at 169 (quoting *Torres-Hernandez v. CVT Prepaid Sols., Inc.*, No. 08-1057, 2008 WL 5381227, at *6 (D.N.J. Dec. 17, 2008)). As to knowing omissions, a plaintiff must show that the defendant "knowingly omitted a material fact with the intent to induce [the plaintiff's] reliance." *Id.* (citing *Vagias v. Woodmont Props., LLC*, 894 A.2d 68, 71 (N.J. Super. Ct. App. Div. 2006)).

11

Additionally, "allegations of an affirmative act, i.e., a misrepresentation, do not require a showing of intent or even actual deceit or fraud"; "[n]or must the representation be one of material fact[.]" *Glass*, 2011 WL 6887721, at *5. Indeed, "[o]ne who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive." *Id.* (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 365 (N.J. 1997)). On the other hand, "an omission occurs where the defendant (1) knowingly concealed (2) a material fact (3) with the intention that the consumer rely upon the concealment." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 297 (D.N.J. 2009) (citing *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 541 (N.J. Super. Ct. App. Div. 2003)).

Here, the Court finds Plaintiff has failed to sufficiently plead a claim for a violation of the NJCFA because Plaintiff has not sufficiently alleged that Defendant engaged in an unlawful practice in violation of the NJCFA, i.e., Plaintiff has not adequately alleged a misrepresentation, omission, or regulation violation by Defendant. Specifically, Plaintiff has not alleged "the what, where, and when" of any alleged misrepresentation by Defendant, and Plaintiff likewise has not alleged "any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . in connection with the sale or advertisement of any merchandise or real estate." *See M & M Trucking Gudullu*, 653 F. Supp. 3d at 169; N.J. Stat. Ann. § 56:8-2. Rather, Plaintiff conclusorily alleges that Defendant violated the NJCFA by "making false promises" that misled Plaintiff—namely, by agreeing to pay Plaintiff commissions for selling tickets to certain events through Defendant's Event Management Platform but then not paying Plaintiff its alleged earned commissions. (*See* Compl. ¶¶ 23–26).

12

While Plaintiff states in its opposition brief that "Defendant's online Event Management Platform is full of representations that turned out to be false" and that "Defendant induced Plaintiff through its misrepresentations to sell tickets to certain events that Defendant never intended to compensate Plaintiff for[,]" these facts are not alleged in the Complaint, and Plaintiff cannot amend its Complaint in opposition to a motion to dismiss. *Pierre-Charles v. Consumer Portfolio Servs., Inc.*, No. 17-10025, 2018 WL 3425737, at *6 (D.N.J. July 16, 2018) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Moreover, even if these facts were alleged in the Complaint, that would be insufficient to state a claim for a NJCFA violation because Plaintiff does not allege what misrepresentation(s) Defendant purportedly made with the specificity that Rule 9(b) requires, nor does Plaintiff allege when and how Defendant allegedly made that misrepresentation(s) or how Defendant's purported misrepresentation(s) constitutes an unlawful practice in violation of the NJCFA.

Finally, although Plaintiff alleges Defendant made "false promises" by agreeing to pay Plaintiff commissions but later failing to pay Plaintiff (thereby implicitly reneging on its prior promise to pay), Plaintiff does not allege the specific terms of its agreement with Defendant, nor who agreed to those terms and when. For example, Plaintiff does not allege what amount of money Defendant purportedly agreed to pay Plaintiff for the ticket sales described in the Complaint nor how Defendant agreed to pay Plaintiff for those sales—e.g., whether Defendant agreed to pay Plaintiff a certain amount of money as a commission per ticket sold (and if so, what that amount was), or whether Defendant alternatively agreed to pay Plaintiff a certain amount of money per event, or whether the agreement consisted of some other terms.

Thus, based on the sparse facts currently alleged in the Complaint, which are assumed as true and viewed in a light most favorable to Plaintiff, the Court finds that Plaintiff does not

13

sufficiently state a claim for a violation of the NJCFA. Therefore, Plaintiff's claim for a violation of the NJCFA in Count III of the Complaint is **DISMISSED** *without prejudice*.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint is **GRANTED**, and accordingly Counts II and III of Plaintiff's Complaint are **DISMISSED** *without prejudice*. An appropriate Order follows.

**Dated:** December 30, 2024                              *s/ Esther Salas*
                                                         **Esther Salas, U.S.D.J.**